RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0817-15T1

R.R.,

 Plaintiff-Appellant,

v.

B.R.,

 Defendant-Respondent.
————————————————————————————

 Submitted March 21, 2017 – Decided April 13, 2017

 Before Judges Yannotti, Fasciale, and Gilson.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Morris
 County, Docket No. FV-14-0778-15.

 R.R., appellant pro se.

 August J. Landi, attorney for respondent.

PER CURIAM

 Plaintiff appeals from an August 25, 2015 order denying her

request for a final restraining order (FRO) under the Prevention

of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. After

conducting a trial, the Family Part judge found that plaintiff had

not proven any of her allegations of harassment, nor had she shown
the need for the protection of an FRO. We affirm because the

court's findings are supported by substantial, credible evidence

in the record.

 I.

 Plaintiff and defendant were married in 1992 and divorced in

2005. They have two children, a daughter, born in November 1994,

and a son, born in January 2002. Under binding arbitration decided

on March 21, 2006, the parties shared joint legal custody of their

children, and plaintiff was designated the parent of primary

residential custody.

 The parties have had a contentious relationship. In 2004,

plaintiff was granted an FRO against defendant. She voluntarily

consented to the dismissal of that FRO in 2011, to foster better

communications regarding the children. The parties have also

spent considerable time litigating the custody of their children.

The daughter is now emancipated and, thus, the more recent disputes

have focused on the son.

 In 2015, plaintiff obtained a temporary restraining order

(TRO) in Morris County based on allegations of harassment. At

that time, there was a pending custody dispute being heard in

Monmouth County, where defendant lives.

 A multi-day trial was conducted over several months to address

plaintiff's request for an FRO. At trial, plaintiff relied on

 2 A-0817-15T1
three letters sent by defendant's attorney and a phone call made

by defendant as predicate acts of harassment. One of the letters

was sent to a psychiatrist who was working with the parties' son,

and the other two letters were sent to plaintiff's attorney.

Plaintiff alleged, however, that defendant wrote the letters and

that they were intended to harass her. Plaintiff also alleged

that in February 2015, defendant called her home, spoke with her

fiancé and stated, "I'm going to put an end to this very soon."

To put her allegations in context, plaintiff also submitted

numerous exhibits and called several witnesses.

 The trial judge found that none of the letters or the

telephone call made by defendant constituted harassment. In making

that finding, the court reviewed each of the letters and listened

to a recording of defendant's telephone call, which defendant had

made. The court also held that plaintiff had failed to show that

she was in need of an FRO. Accordingly, the trial court denied

the request for the FRO, dismissed the TRO, and lifted all

restraints.

 II.

 Plaintiff is self-represented on this appeal and makes four

arguments. She contends that the trial court erred (1) by

misapplying the law and not considering the prior FRO; (2) not

accepting the testimony of two of her witnesses; (3) finding

 3 A-0817-15T1
defendant's conduct ambiguous; and (4) contacting the judge in

Monmouth County who was presiding over the custody dispute. Having

reviewed the record, we conclude that none of plaintiff's arguments

support a reversal of the findings made by the trial court and we

affirm.

 Our scope of review is limited when considering a decision

issued by the Family Part following a bench trial. J.D. v. M.A.D.,

429 N.J. Super. 34, 42 (App. Div. 2012). The trial court's

findings "are binding on appeal when supported by adequate,

substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394,

412 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65

N.J. 474, 484 (1974)). We also keep in mind the expertise of

trial court judges who routinely hear domestic violence cases in

the Family Part. Id. at 413. Consequently, we will not disturb

the "factual findings and legal conclusions of the trial judge

unless [we are] convinced that they are so manifestly unsupported

by or inconsistent with the competent, relevant and reasonably

credible evidence as to offend the interests of justice." S.D.

v. M.J.R., 415 N.J. Super. 417, 429 (App. Div. 2010) (quoting

Cesare, supra, 154 N.J. at 412).

 Domestic violence occurs when an adult or emancipated minor

commits one or more acts on a person covered by the PDVA. N.J.S.A.

2C:25-19(a). When determining whether to grant an FRO, a trial

 4 A-0817-15T1
judge must engage in a two-step analysis. Silver v. Silver, 387

N.J. Super. 112, 125-26 (App. Div. 2006). "First, the judge must

determine whether the plaintiff has proven, by a preponderance of

the credible evidence, that one or more of the predicate acts set

forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125; see

also N.J.S.A. 2C:25-29(a) (providing that an FRO may only be

granted "after a finding or an admission is made that an act of

domestic violence was committed"). Second, the court must

determine that a restraining order is necessary to provide

protection for the victim. Silver, supra, 387 N.J. Super. at 126;

see also J.D. v. M.D.F., 207 N.J. 458, 476 (2011) (explaining that

an FRO should not be issued without a finding that "relief is

necessary to prevent further abuse" (quoting N.J.S.A. 2C:25-

29(b))).

 Here, plaintiff contended that defendant had harassed her.

A person commits harassment

 if, with purpose to harass another, he [or
 she]:

 a. [m]akes, or causes to be made, a
 communication or communications anonymously
 or at extremely inconvenient hours, or in
 offensively coarse language, or any other
 manner likely to cause annoyance or alarm;

 . . . .

 c. [e]ngages in any other course of alarming
 conduct or of repeatedly committed acts with

 5 A-0817-15T1
 purpose to alarm or seriously annoy such other
 person.

 [N.J.S.A. 2C:33-4(a) and (c).]

 To be considered harassment, speech "must be uttered with the

specific intention of harassing the listener." E.M.B. v. R.F.B.,

419 N.J. Super. 177, 182 (App. Div. 2011) (quoting State v. L.C.,

283 N.J. Super. 441, 450 (App. Div. 1995), certif. denied, 143

N.J. 325 (1996)). "[A] finding of a purpose to harass may be

inferred from the evidence presented," and "[c]ommon sense and

experience may inform that determination." J.D. v. M.D.F., supra,

207 N.J. at 477 (second alteration in original) (quoting State v.

Hoffman, 149 N.J. 564, 577 (1997)).

 After hearing the testimony of the parties and reviewing the

three letters submitted by plaintiff, the trial court here found

that none of the letters constituted harassment. As already noted,

all three letters were sent by defendant's attorney. The first

letter was sent to a psychiatrist who was treating the parties'

son. That letter provided the psychiatrist with information so

that he could "treat [the son] appropriately." The other two

letters were sent to plaintiff's attorney and responded to earlier

correspondence sent from plaintiff's prior attorney.

 The trial court found that defendant did not write the

letters, the letters were sent for legitimate purposes, and the

 6 A-0817-15T1
letters were not sent with the purpose to harass plaintiff. There

was substantial, credible evidence supporting each of those

findings.

 Turning to the phone call made by defendant, the trial court

listened to plaintiff's testimony and found it incredible. The

court thereafter listened to a recording of the call made by

defendant and found that that recording was an accurate recording

of the call. The court then found that the phone call contained

no threats or coarse or offensive language, and the call was not

made with the purpose to harass plaintiff. Those findings are

also supported by substantial, credible evidence in the record.

 Plaintiff's first three arguments take issue with the court's

fact and credibility findings. Plaintiff, however, points to

nothing in the record that would warrant a rejection of the trial

court's credibility or factual findings.

 Plaintiff's most specific argument is her contention that the

trial court erred in not considering the prior history of domestic

violence. N.J.S.A. 2C:25-29(a) permits the introduction of

evidence of the "previous history of domestic violence." That

history is admissible "[b]ecause a particular history can greatly

affect the context of a domestic violence dispute," thus, "trial

courts must weigh the entire relationship between the parties and

must specifically set forth their findings of fact in that regard."

 7 A-0817-15T1
Cesare, supra, 154 N.J. at 405. "A history of domestic violence

may serve to give content to otherwise ambiguous behavior and

support entry of a restraining order." J.D. v. M.D.F., supra, 207

N.J. at 483.

 In this case, the trial court considered the history of

domestic violence, including the fact that an FRO had been entered

in 2004. The predicate acts supporting the entry of the 2004 FRO,

however, occurred over a decade ago and plaintiff herself felt

that there was no longer an ongoing threat of abuse because she

voluntarily dismissed that FRO in 2011. Accordingly, even

considering the history of domestic violence, there was no showing

that any harassment took place in 2015.

 Finally, plaintiff argues that the trial court abused its

discretion by contacting the Monmouth County judge presiding over

the custody dispute. The only mention of such a discussion by the

trial court was in the context of a dispute over whether the

domestic violence matter should have been venued in Monmouth as

opposed to Morris County. In that regard, the trial court stated

that he had contacted the Monmouth County judge to discuss that

jurisdictional issue.

 When the trial judge made that point, plaintiff, who was

represented by counsel at the time, did not object or suggest that

the court had done anything improper. Consequently, there is

 8 A-0817-15T1
nothing in the record that would indicate that the trial court's

discussion with the Monmouth County judge improperly influenced

the decision to deny the FRO.

 Affirmed.

 9 A-0817-15T1